THE STATE, EX REL. ALICE EAGER, RELATOR, v. THE CITY OF HACKENSACK, ROBERT A. ALTSCHULER, MAYOR, AND RALPH F. DE CLAIRMONT, WILLIAM J. ECK, FRED V. FERBER AND ERNST A. KORN, MEMBERS OF THE CITY COUNCIL, WILDER M. RICH, CITY MANAGER, AND ETHEL HOYT, CLERK, RESPONDENTS.

Argued January 19, 1937—Decided April 12, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the relator, *Warren Dixon, Jr.*

For the respondent city of Hackensack, *Donald M. Waesche.*

PER CURIAM.

As an outcome of a successful appeal instituted January 13th, 1933, from an assessment for benefits Alice Eager, on July 15th, 1935, obtained an order from the Bergen County Circuit Court directing the city of Hackensack to pay her the taxed costs of the proceeding. The costs were taxed and entered as a judgment. The judgment creditor sued out an alternative writ of *mandamus* to compel payment. The city filed its return, and to the return the relator demurred. The pleadings are simplified by a stipulation which preserves the question of the legal validity of the judgment. The city resists upon the grounds, first, that the statute under which the appeal went to the Circuit Court was repealed at the time of the taking of the judgment and, second, that the Circuit Court if it had jurisdiction to entertain the appeal was nevertheless not authorized to award costs.

The right of appeal from assessments for benefits is found in section 42, article XX, chapter 152, *Pamph. L.* 1917; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2205, Repealed—the Home rule act. That section originally gave an appeal to the Court of Common Pleas. By chapter 112, *Pamph. L.* 1922, the Circuit Court was substituted for the Pleas. Chapter 228, *Pamph. L.* 1924, amended section 27 of article XX (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2204, § *136-2027) so as to include within that section the right of review by the Circuit Court and to repeal section 42, *supra.* Chapter 71, *Pamph. L.* 1925; *Supp. Comp. Stat.* 1925-1930, *p.* 1135, § *136-2042, further amended the statute by reinstating section 42, using the same numbering and retaining therein the appeal to the Circuit Court, and by repealing the 1924 act.

In 1933 the legislature passed further pertinent legislation in chapter 347 of the laws of that year. *N. J. Stat. Annual* 1933, § *136-2042. That statute contained four sections, the last of which provided that the act should become inoperative after July 1st, 1934. The first section amended section 42, *supra,* by reproducing the language of that section as it had theretofore been and by adding almost a page of additional matter. The purport of the new matter is not important, but it is well to observe that the limitations of life was not inserted within section 42, but was imposed generally upon the effectiveness of the entire 1933 statute.

Respondent relies upon the self-contained repealer in the 1933 statute to sustain its first point. It is our opinion, however, that the legislature in 1933 had quite an opposite thought. The physical arrangement of the 1933 statute and the quite obvious purpose of the legislature to maintain that which would otherwise be lost, namely, the right of appeal from assessments for benefits, bring us to the conclusion that the statute in its entirety was meant to have only temporary effect and that upon its lapse the prior law revived in full force. This harmonizes with *Wallace* v. *Bradshaw,* 54 *N. J. L.* 175; 23 *Atl. Rep.* 759.

In 1935, by chapter 169 of the laws of that year (*N. J. Stat. Annual* 1935, § *136-2042), the legislature again amended section 42 by restating essentially the 1925 language

and adding thereto, not as a part of the amended section, but as section 2 of the statute, the words, "this act shall not apply to cities of the first class." Respondent argues that that statute is unconstitutional in that it rests upon an unlawful classification. We are not shown that the classification used in the statute had no logical support, but we need not decide the question for the reason that the Circuit Court had jurisdicton under either the 1935 or the 1925 act, and if the former act was not effective the latter was.

As to costs, we think that at least some of the items were within the provisions of section 4 of chapter 237, *Pamph. L.* 1926; *Supp. Comp. Stat.* 1925-1930, *p.* 726, § 74-65. In our opinion the Circuit Court had jurisdiction to render judgment for costs. Whether any of the items in the taxed bill were improperly allowed does not go to the jurisdiction and is not to be considered here.

It appears that the judgment should be paid. The peremptory writ is allowed, with costs. As the record before us is somewhat informal, it may, if necessary, be molded to permit an appeal.